THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* HENRY RINGE *et al.*

*v.*

JOHN GOCHENOUR.

1. ELECTION *for town officers, in the city of Vandalia—of appointing the place of holding the same.* Under the act of 1869, incorporating the city of Vandalia, and constituting the city a separate election district for the election of township officers, it is made the duty of the city council to fix the place of holding the election, and it is held not sufficient for the council, on the day before the election, to meet and have a verbal understanding where the election should be held, and that the record be subsequently made up in conformity with such understanding; but the council should take such formal action before the election that citizens could know from its records where it was to be held, and by what officers.

2. SAME—*notice by the town clerk.* The town clerk could not properly give notice, under that act, of the election to be held in the city precinct, until the city council had acted for the purpose of determining where the election was to be held.

Application for mandamus. The opinion of the court contains a sufficient statement of the case.

Mr. J. P. VAN DORSTON, for the relators.

Mr. GEORGE W. WALL and Mr. J. FOUKE, for the respondent.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

By the twenty-second section of the third chapter of an act for the incorporation of the city of Vandalia, private laws of 1869, vol. 1, page 796, the city was constituted a separate election district, for all elections of township officers, to be held in the township of which the city forms a part, thus making one election district without, and one within the city limits, for an election of the same officers. At the town election held in April, 1869, polls were opened for the city precinct, and votes were received, but the town clerk refused to meet with the town and city supervisors, as required by this act, for the purpose of canvassing the votes there polled. This is an application to this court for a mandamus, to compel the clerk to perform this alleged duty. The respondent has answered, and the case has been submitted on a demurrer to the answer.

Without considering the other questions raised on the argument, there is one fact set out in the answer, and admitted by the demurrer, that is conclusive against this petition. The twenty-second section of the law above cited, requires the city council to fix the place of holding the election, and appoint the judges and clerks. It is alleged in the petition that this was done. The answer denies this allegation, and then proceeds to state that, on the day before the election, as respondent has been informed and believes, the council appointed a clerk, and agreed that the election should be held at the south window of the county clerk's office, in the court house, but no entry was made of these proceedings until a subsequent day, when an

order was entered and ante-dated, appointing the same person as clerk, but fixing the town hall as the place of holding the election.

Counsel for relators, in commenting on this part of the answer, say, that although the respondent first denies that a clerk was appointed, and a place fixed by the city council, he afterwards admits it was done in the mode above stated, and this mode, the relators insist, was sufficient. But even if we concede it was unnecessary to the validity of these proceedings, that a record should have been made of them at the time, and that it was sufficient to make the record afterwards, the difficulty remains, that the election was really held at a different place from that actually fixed by the council.

But we are not prepared to admit that it was sufficient for the city council to meet on the day before the election, and have a verbal understanding as to the place where the election was to be held, and what officers should hold it, even if the election had been held, and the record subsequently made up in conformity with such understanding. The legislature evidently intended, before an election could be held in this new district, that the city council should take such formal action for that purpose, that citizens would be apprised of the fact by its records, if in no other manner, and thus know where to go to exercise their right of suffrage. In this case, there was no notice of any kind. Citizens could not learn, even by inspecting the city records, where the council had ordered the election to be held, or what officers were authorized to hold it. An election held under such circumstances can be entitled to no respect as an expression of the popular will.

But it is said, in behalf of the relator, that it was the duty of the town clerk to give notice of the election, and he can not avail himself of his own neglect as a reason for refusing to canvass the votes. The return shows that the town clerk gave the legal notice under the township organization law. He could not give notice of an election to be held in the city precinct, by virtue of the act of 1869, until the city council had acted for

the purpose of determining where the election should be held. Until they should act, that provision of the law could take no effect.

We refuse the mandamus, because the record shows there was no action by the city council fixing a place for holding the election, in such a manner as would give the public notice, and no notice of the election seems ever to have been given. The votes of which we are asked to compel a canvass, are votes of a merely voluntary collection of citizens, given under circumstances that take from them all claim to legality.

*Mandamus refused.*